UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PREMILA IRENE BURNS | DOCKET NUMER: |
| VERSUS | JUDGE: |
| SORRENTO POLICE DEPARTMENT, CHIEF EARL THERIOT, OFC TERRY ALBRIGHT and THE CITY OF SORRENTO | MAGISTRATE: JURY TRIAL REQUESTED |

## Complaint and Request for Jury Trial

NOW INTO COURT, through undersigned counsel, comes PREMILA IRENE BURNS, who respectfully represents the following:

### Jurisdiction and Venue

1.

This civil action is brought pursuant to 42 U.S.C. § 1983 and § 1988, the Fourth and Fourteenth Amendment to the United States Constitution, and under the laws of the State of Louisiana.

2.

This Court has original jurisdiction to adjudicate the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction to adjudicate the state claims pursuant to 28 U.S.C. § 1367.

3.

All of the defendants reside in the Middle District of Louisiana, and all of the events or omissions giving rise to the claims asserted herein occurred in the Middle District of Louisiana (other than the actual stop and beating, to be set forth herein, which occurred in St. James Parish, although the events leading up to the action complained of commenced in Ascension Parish). Therefore venue is appropriate in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391.

## Parties

4.

Plaintiff, PREMILA IRENE BURNS, is an individual over the age of majority and a citizen and resident of the Parish of East Baton Rouge, State of Louisiana, and the United States of America.

5.

Defendant, EARL THERIOT, is an individual over the age of majority. He is being named as a defendant both in his individual capacity and in his official capacity (as Police Chief for defendant, SORRENTO POLICE DEPARTMENT). THERIOT served as Police Chief for defendant, SORRENTO POLICE DEPARTMENT, in the City of Sorrento, during all relevant periods of time and acted under the color of state law and authority granted to him by the SORRENTO POLICE DEPARTMENT.

6.

Defendant, TERRY ALBRIGHT, is an individual over the age of majority. He is being named as a defendant both in his individual capacity and in his official capacity (as a police officer employed by defendant, SORRENTO POLICE DEPARTMENT). ALBRIGHT was employed by

Case 3:09-cv-00685-TLM-CN   Document 1   08/24/09   Page 2 of 13

defendant, SORRENTO POLICE DEPARTMENT, in the City of Sorrento, as a police officer during all relevant periods of time and acted under the color of state law and authority granted to him by the SORRENTO POLICE DEPARTMENT.

7.

Defendant, SORRENTO POLICE DEPARTMENT, is a governmental entity organized and existing under the laws of Louisiana through local charter. Defendants THERIOT and ALBRIGHT were employees of the SORRENTO POLICE DEPARTMENT during all relevant times. Suit against the SORRENTO POLICE DEPARTMENT for claims asserted in this action are proper pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and Article 12 § 10 of the Constitution of the State of Louisiana which grants an exception to political subdivisions' immunity to suit.

8.

ALTERNATIVELY, in the event the SORRENTO POLICE DEPARTMENT is not a juridical entity, but rather a Department of the City, it is shown the <u>CITY OF SORRENTO,</u> a governmental entity organized and existing under the laws of Louisiana through local charter, is named a defendant herein (and is responsible for the actions of THERIOT, ALBRIGHT and the SORRENTO POLICE DEPARTMENT).

## Facts

9.

On or about August 26, 2008, PREMILA IRENE BURNS, was operating her 1999 BMW 323i in the parishes of Ascension and St. James when she was appropriately stopped by ALBRIGHT. ALBRIGHT opened the driver's door of the vehicle and ordered BURNS to exit, calling her by

Page 3 of 13

Case 3:09-cv-00685-TLM-CN   Document 1   08/24/09   Page 3 of 13

name. ALBRIGHT did not engage in any other conversation with BURNS, nor did he ask if she was ill or under any physical impairment or infirmity. ALBRIGHT gave BURNS no opportunity to exit the vehicle of her own accord.

10.

Suddenly and without warning, and for no legitimate or lawful reason, without provocation by BURNS, ALBRIGHT forcibly pulled BURNS from the vehicle by grabbing her arm and neck. He thereafter repeatedly beat her head against the hood of her car with such force as to lift her legs off the ground. ALBRIGHT then threw BURNS to the pavement so that BURNS sustained direct blows to both knees. She was then dragged across the pavement, being pulled forward and sideways by ALBRIGHT. The beating ended when ALBRIGHT looked up to see a third party observing his actions.

During the beating, the left sleeve of BURNS's suit jacket was shredded and nearly pulled off the jacket. The knees to her pantyhose were torn and shredded, and the dial to her watch was deeply scratched.

Immediate injuries were a drag burn to the left shoulder, two deep bleeding cuts to the left elbow, a bleeding cut to the left hand, and a bleeding cut to the left knee. Within an hour, a raised lump over the left eye appeared. Withing 36 hours, "black eyes" appeared on her face that lasted for over a week. BURNS was also bruised with finger marks on both triceps that lasted for nearly a month. She sustained a finger mark on the left breast that lasted a week. There were also numerous bruises to BURNS's wrists, shins, and ankles that appeared the next day.

11.

The third-party witnessed ALBRIGHT rummaging through BURNS's personal effects and

Case 3:09-cv-00685-TLM-CN   Document 1   08/24/09   Page 4 of 13

removing her wallet (from which ALBRIGHT obtained a State Farm Insurance card). The wallet was never returned to BURNS despite numerous requests for the same by the persons who would drive her home later that night. The third-party witness later found the wallet at the scene on August 28, 2008. All credit cards had been removed. Some of the money was found outside of the wallet. ALBRIGHT also tore the ash tray from the vehicle such that the previously operable cigarette lighter no longer worked.

12.

Following the beating, ALBRIGHT also obtained from a separate folder BURNS's driver license and a badge identifying her as an Assistant District Attorney for East Baton Rouge Parish. He was overheard conveying the same to THERIOT and Mike Liker, Chief of Detectives for the SORRENTO POLICE DEPARTMENT, in an attempt to explain why he had used force against BURNS. Thereafter, Liker responded to the scene.

13.

BURNS was transported to the "Annex" from the scene. BURNS's injuries were then examined. BURNS was then released to two co-workers. ALBRIGHT attempted to explain BURNS's injuries to one of those co-workers, a District Attorney investigator and former Baton Rouge Police Department Officer, by claiming that he had pursued BURNS through three parishes at high speeds and then had to pull a weapon on her, none of which is contained in the police reports ultimately filed. Mike Liker conveyed this information to BURNS's employer, East Baton Rouge Parish District Attorney Doug Moreau (since retired). But this information was corrected by the third-party witness who came forward on August 27, 2008 to state that ALBRIGHT beat BURNS without provocation.

14.

The police unit driven by ALBRIGHT at the time of the August 26, 2008 incident was equipped with a video camcorder. ALBRIGHT claimed that the camcorder was not working at the time he stopped and beat BURNS (when he could not produce the video).

15.

Subsequent to the incident, ALBRIGHT gave malicious and false verbal and written statements and in formal police statements which misrepresented the facts and made false allegations concerning BURNS, including misstating the Parish in which the stop occurred. Further, in contravention of the law, THERIOT released full police reports, including records of the medical treatment given BURNS, to reporters employed by the Baton Rouge newspaper *The Advocate*, the recitals of which were disseminated to the public in newspaper articles on September 26 and September 27, 2008. The police reports accounting for how BURNS received her injuries were known by THERIOT and Mike Liker to have been falsified by defendant ALBRIGHT, and yet defendant THERIOT allowed them to be filed as public reports and disseminated to the reporters despite having good reasons to believe publication of their false contentions would cause ridicule and humiliation to BURNS.

16.

In early 2009, an unknown member of the SORRENTO POLICE DEPARTMENT, driving a marked SORRENTO POLICE DEPARTMENT unit, stopped the third-party witness to the August 26, 2008 beating of BURNS, without probable cause, outside the city limits of Sorrento and blinded said witness with a flashlight in order to conceal his identity. The third-party witness was told it would be in his best interest not to say anything further about the events that he witnessed on August

26, 2008, whereupon the third-party witness informed the officer that he had already given a formal statement to the Federal Bureau of Investigation.

17.

As a direct and proximate result of the unlawful and malicious actions of defendants, ALBRIGHT, THERIOT, SORRENTO POLICE DEPARTMENT and THE CITY OF SORRENTO, BURNS suffered injuries and damages which include, but are not limited to, the following:

(A) Nasal injury;

(B) Right knee injury;

(C) Left knee injury;

(D) Neck injury;

(E) Facial injuries;

(F) Headaches;

(G) Multiple lacerations and contusions;

(H) Scarring;

(I) Emotional distress and mental anguish;

(J) Damage to reputation and humiliation; and

(K) Other damages to be proved at trial.

## Causes of Action Against Albright

18.

ALBRIGHT acted under the color of law and on behalf of SORRENTO POLICE DEPARTMENT, and used SORRENTO POLICE DEPARTMENT issued and owned equipment

in effecting the arrest during all relevant times. ALBRIGHT, while in the course and scope of his employment with the SORRENTO POLICE DEPARTMENT, violated BURNS's well-settled federal constitutional rights, including those provided for under the Fourth and Fourteenth Amendments to the United States Constitution, including to but not limited :

(A) The freedom from the use of excessive force (see, e.g., *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989)); and

(B) The freedom from unreasonable detention, seizure, and destruction of her property.

19.

BURNS asserts claims against ALBRIGHT and THERIOT for damages and for the violations and injuries set forth above under 42 U.S.C. § 1983.

20.

In addition to the causes of action set forth above, BURNS asserts causes of action against ALBRIGHT pursuant to the laws of the State of Louisiana, including Civil Code Article 2315 arising from the facts alleged above and those proven at trial, including but not limited to:

(A) Assault and battery;

(B) Destruction and/or loss of property;

( C) Excessive use of force;

(D) Damaging BURNS's reputation by libel, slander, and defamation of name and character including by the issuing of false arrest reports and procuring false witness statements;

(E) The intentional infliction of emotional distress for the extreme and outrageous conduct intended by the defendants to inflict certain injury; and

(F)     All other acts and omissions which constitute actionable injury, including negligence, intentional acts, and negligence per se under Louisiana law.

## Causes of Action Against Theriot, the Sorrento Police Department and The City of Sorrento

21.

Prior to and after August 26, 2008, THERIOT and the SORRENTO POLICE DEPARTMENT developed and maintained policies or customs and committed acts and omissions which exhibited deliberate indifference to the constitutional rights of persons in Sorrento which caused the violation of BURNS's rights and caused injury to her. ALBRIGHT was the subject of complaints pre-dating this incident which placed THERIOT and the SORRENTO POLICE DEPARTMENT on notice of the potentiality of the type of criminal misconduct perpetuated against BURNS. The SORRENTO POLICE DEPARTMENT's custom and policy was to inadequately and improperly investigate citizens' complaints of police misconduct. THERIOT and the SORRENTO POLICE DEPARTMENT tolerated acts of misconduct by its officers. Further, THERIOT and the SORRENTO POLICE DEPARTMENT's policy and/or custom was to deficiently supervise and inadequately train its police officers, including defendant ALBRIGHT. This failure resulted in further constitutional violations on the part of its officers in that said conduct was not discouraged. THERIOT and the SORRENTO POLICE DEPARTMENT, upon information and belief, did not require appropriate corrective action, including in-service training and re-training, on the part of officers who were known to have engaged in police misconduct.

22.

As a result of the above described custom and policies, police officers of the SORRENTO POLICE DEPARTMENT, including the defendants, believed that their actions would be tolerated or overlooked given the failure to properly monitor their actions by supervisory officers and internal affairs. The resulting message was that misconduct would not be investigated or sanctioned, but would be tolerated.

23.

The policymakers of the SORRENTO POLICE DEPARTMENT, including THERIOT, pursued policies and customs which demonstrated a deliberate indifference to the constitutional rights of persons within Sorrento's city limits. This indifference contributed to the violations herein.

24.

BURNS asserts claims against THERIOT, SORRENTO POLICE DEPARTMENT and THE CITY OF SORRENTO for damages under 42 U.S.C. § 1983.

25.

In addition to the causes of action set forth above, BURNS asserts causes of action against THERIOT, SORRENTO POLICE DEPARTMENT and THE CITY OF SORRENTO pursuant to the laws of the State of Louisiana, including Civil Code Articles 2315 and 2320 arising from the facts alleged above and those proven at trial, including but not limited to:

(A) Failure to properly train ALBRIGHT;

(B) Failure to properly supervise ALBRIGHT;

(C) Failure to implement adequate and proper discipline over ALBRIGHT;

(D) Failure to take post-arrest corrective steps including adequate internal investigations;

(E) Negligent selection and hiring of ALBRIGHT;

(F) Vicarious liability for the acts and omissions of defendant ALBRIGHT under the doctrine of respondeat superior and Civil Code Article 2320;

(G) All other acts and omissions which constitute actionable injury, including negligence, intentional acts, and negligence per se under Louisiana law.

## Damages

26.

As a proximate result of the acts and omissions of all the defendants, BURNS suffered injuries including physical injuries, embarrassment, humiliation, and mental anguish in connection with the deprivation of her constitutional and statutory rights and acts and omissions causing injury to her. These damages include:

(A) Past and future pain and suffering;

(B) Past and future mental anguish;

( C) Past and future embarrassment;

(D) Past and future loss of life's enjoyment;

(E) Past lost wages;

(F) Expenses and attorney's fees;

(G) Compensatory damages;

(H) Loss of items in her wallet;

(I) Damage to her vehicle;

(J) Past and future medical bills; and

(K) Punitive damages against parties subject to same.

WHEREFORE, BURNS prays and requests that a **trial by jury** be had, and a judgment entered that:

    I.      Awards such compensatory, punitive, and nominal damages as will fully compensate BURNS for her damages suffered and any other actual injury that was occasioned as a result of defendants' violation of her rights;

    II.     Awarding such costs and attorney's fees as are necessary and proper as permitted under law;

    III.    Awarding all additional relief and civil penalties as the interests of justice require including judicial interest.

Respectfully submitted:

PERRY, ATKINSON, BALHOFF, MENGIS & BURNS, L.L.C.


s/ John W. Perry, Jr.
JOHN W. PERRY, JR.
Louisiana Bar Roll Number 10524
2141 Quail Run Drive (70808)
Post Office Drawer 83260
Baton Rouge, Louisiana 70884
Telephone: 225-767-7730
Facsimile: 225-767-7967
Email: perry@pabmb.com

**PLEASE SERVE:**

Chief of Police Earl Theriot
Sorrento Police Department
8173 Main Street
Sorrento, LA 70778

City of Sorrento,
Through its Mayor, Blake Leblanc
8173 Main Street
Sorrento, LA 70778

Terry Albright
9901 Highway 18
St. James, LA 70086